A. GREEN COURSEN

*v.*

GEORGE BROWNING *et al.*

| 86 | 57 |
| 82a | 84 |
| 86 | 57 |
| 94a | ³628 |
| 86 | 57 |
| 197 | ³382 |

1. SUPREME COURT — *decision in vacation.* Where a cause is submitted to the Supreme Court during any term, and the same is taken under advisement, the judges of said court, or any four of them, may render a final decision or judgment during vacation, and such practice is not in conflict with either the statute or constitution.

2. PRACTICE — *affidavit of claim applicable to suit on appeal bond.* An appeal bond being a contract for the payment of money, the defendant's pleas in a suit on such bond, not accompanied with an affidavit of merits will be stricken from the files, if the plaintiff files an affidavit of his claim with his declaration.

3. SAME — *judgment against defendants served.* When suit is brought against the two obligors on an appeal bond and only one is served with process and no appearance is entered for the other, it is proper to take judgment against the one upon whom service is had.

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. A. GARRISON, for the appellant.

Messrs. HUTCHINSON & LUFF, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

We perceive no force in appellant's objection that the declaration is insufficient to support the judgment. The action is upon an appeal bond executed July 23, 1873, and filed in the Superior Court of Cook County, whereby an appeal was taken from a judgment rendered in that court to the Supreme Court. The cause was submitted at the September term, 1873, for decision, and the averment that the judgment was affirmed on January 30, 1874, does not show that the action taken in the cause is in conflict with the constitution or the statute, as supposed by appellant. Section 14 of Rev. Laws of 1874, page 329, declares the judges of the Supreme Court, or any four of them, may enter orders and judgments in vacation, in any of the grand divisions of

this State, in all cases which have been argued or submitted to the court during any term thereof, and which shall have been taken under advisement. As the cause was taken at the September term, 1873, and held under advisement, the averment that the judgment was affirmed on January 30, 1874, shows the steps taken in the case were in harmony with the statute.

It is next urged that the court erred in striking appellant's pleas from the files. The bond upon which the action was brought was a contract for the payment of money, and as the plaintiff in the action filed with his declaration an affidavit of claim, as required by the statute, the appellant was bound to file with his pleas an affidavit of merits; and as he failed in this regard, the court did not err in striking them from the files. Nor is there any force in the objection that the judgment should have been against both defendants or none. The record shows only one of the defendants served with process, and, as the other one did not appear, the court had no power to proceed to judgment against him. We perceive no error in the record, and the judgment will be affirmed.

*Judgment affirmed.*