# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.

### SEPTEMBER TERM, 1878.

### HENRY MESTLING *et al.*

*v.*

### LOVE HUGHES.

1.  PRACTICE—*affidavit of merits—applies to suit on appeal bond.* The statute requiring the defendant to file an affidavit of merits with his pleas in any suit upon a contract for the payment of money, when the plaintiff shall have filed with his declaration an affidavit of his demand, its nature and amount, etc., embraces a suit upon an appeal bond, it being a contract for the payment of money.

2.  EVIDENCE *as to amount of damages on default—affidavit of claim.* A plaintiff in a suit upon an appeal bond can not recover alone upon the appeal bond, without evidence of the amount of his damages; and the affidavit of the plaintiff's claim, filed with his declaration, is not competent evidence on the assessment of the damages. The statute makes it evidence only when the suit is upon an open account, and not when it is upon a written contract.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. ALLEN, BARNUM & ALLEN, for the appellant.

Mr. GEORGE N. MOORE, for the appellee.

Mr. CHIEF, JUSTICE CRAIG delivered the opinion of the Court:

This was an action of debt, brought upon an appeal bond, filed and approved in a certain cause where an appeal was taken from a judgment rendered before a justice of the peace, to the circuit court.

The plaintiff filed with his declaration an affidavit of claim, in conformity to the statute, and as the defendant failed to file with his pleas an affidavit of merits, they were, on motion, stricken from the files, and judgment rendered by default.

It is contended by appellant, that the appeal bond upon which the action was brought, was not a contract for the payment of money, within the meaning of the statute, and therefore it was error to strike defendant's pleas from the files.

The obligatory part of the bond recites, that one Henry Mestling, Wm. Dowell and Charles Drews are held and firmly bound unto Love Hughes, "in the penal sum of $500, lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves, our heirs and administrators, jointly, severally and firmly by these presents. Witness our hands and seal this 27th day of March, 1876."

That the bond is a contract can not be denied. If it is not for the payment of money, the plain meaning of the language employed must be disregarded, and a contract which says one thing must be construed to mean another and a different thing. The bond, in express terms, declares that the obligors are bound to pay the obligee a certain sum of money. The condition of the bond, it is true, provides that it shall become void upon certain conditions,—upon the payment of all rent due and that may become due, all damages and loss, and costs. But these provisions do not, in the least, militate against the view that the contract is one for the payment of money. The rents, damages and costs are to be paid in money.

This question is not, however, a new one in this court. In *Coursen* v. *Browning,* 86 Ill. 57, which was an action on a

bond which had been filed in prosecuting an appeal from the circuit court to this court, the same question arose as is here presented, and it was held that the bond was a contract for the payment of money. There is no difference in principle between the two cases, and the one cited must control here.

It is also urged, that the evidence before the court was not sufficient to authorize the judgment rendered after the pleas were stricken from the files. The only evidence upon which the court rendered judgment, as appears from the bill of exceptions, was the appeal bond sued upon and the affidavit attached to the declaration. The bond alone was not sufficient, as the costs paid by the plaintiff and the rents which had accrued, which mainly constituted the damages to be recovered under the bond, had to be established by proofs independent of the bond.

Was the affidavit attached to the declaration competent and sufficient evidence to prove the damages? This depends upon the statute, which makes an affidavit filed with a declaration, in certain cases, evidence, as an affidavit of this character could not be used as evidence in any case, were it not for the statute. Sec. 38, Rev. Stat. 1874, p. 779, which provides that an affidavit of this character may be evidence, declares, when any part of the demand is upon an account, and the defendant shall suffer default for the want of an affidavit of merits, or for non appearance, or for *nil dicit*, the affidavit so filed with the declaration may be taken as *prima facie* evidence of the amount due upon such account, but the court may require further evidence.

From the language of this section of the statute, it is apparent that the affidavit was not competent evidence for the consideration of the court in the assessment of damages under the bond.

This action was not brought upon an account, but upon an instrument of writing under seal, and as the statute does not embrace a case of this character, of course the affidavit could not be used as evidence. The word account, as incorporated

in the statute, was, no doubt, intended to be construed in its popular sense; when this is done, we perceive no ground whatever for holding that the affidavit was competent proof in the case. As the testimony was not sufficient to authorize the judgment, it must be reversed.

*Judgment reversed.*