# CASES

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.

### SEPTEMBER TERM, 1879.

---

JAMES MIX *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. PLEADING—*nil debet in suit on appeal bond.* The plea of *nil debet* in an action of debt upon a bond, where there are no common counts in the declaration, is inapplicable, and bad on general demurrer.

2. SAME—*plea—non est factum.* The plea of *non est factum* is proper in an action of debt upon an instrument under seal. When interposed without being sworn to, the defendant may take advantage of any variance between the instrument sued on and the declaration, and when verified by affidavit it puts in issue the execution of the instrument sued on.

3. SAME—*to action on appeal bond.* A plea in an action of debt upon an appeal bond, that the appeal was prosecuted with effect, and that the party appealing did pay the amount of the judgment affirmed on appeal, is bad on special demurrer, as being double, and repugnant.

4. A plea in debt upon an appeal bond given on appeal from a judgment against lands for taxes, that the judgment was against the lands and not against the appellant, and that he did not own the lands, and had no interest therein, and that he did not appeal, or try to appeal to the Supreme Court, and that the judgment was not for the recovery of money against the appellant,

and that the condition of the bond was not prescribed by the county court, and that they are not in compliance with the statute, is bad on demurrer.

5. SAME—*plea must answer all it professes.* Where a plea professes to answer the whole cause of action and does not, it is bad, and if there is no other plea the plaintiff may disregard it and take judgment by default at the proper time.

6. In such case a plea averring that the defendants observed all the conditions in the bond specified, and that the appellant paid the costs and judgment mentioned in the declaration according to the terms and effect of the writing obligatory, is repugnant, and obnoxious to a special demurrer.

7. SAME—*plea of general performance.* A plea of general performance to a declaration assigning special breaches is bad on general demurrer. Where a particular breach of the condition of a bond is assigned the plea should answer it.

8. PLEADING AND EVIDENCE—*evidence under plea of non est factum.* Under the plea of *non est factum* in debt upon a bond, not sworn to, the defendant can only avail of any variance that may exist, or, if verified, that the bond was not that of the obligors, and no proof in avoidance of the bond can be made.

9. EVIDENCE—*title by parol.* Parol evidence is not admissible to prove that the title to land was not in a certain party.

10. ADMISSION—*by recitals in bond.* Where an appeal bond on an appeal from a judgment for taxes recites that judgment had been rendered against a list of lands set out, for the sums set after each tract, this will amount to an admission of the rendition of the judgment appealed from, and that the sum set after each tract is the true amount, and the production of such bond is sufficient evidence of such judgment.

APPEAL from the Appellate Court of the Second District; the Hon. NATHANIEL J. PILLSBURY, presiding Justice, and Hon. GEO. W. PLEASANTS and Hon. LYMAN LACEY, Justices.

This was an action of debt, brought by the People, against James Mix, Helen M. Mix, H. C. Todd and Stephen R. Moore, upon an appeal bond, in the circuit court of Kankakee county.

The bond was given upon an appeal from a judgment of the county court of Kankakee county to the Supreme Court. The judgment appealed from was against various tracts of land for the taxes due thereon for the year 1875, and interest and costs.

The cause was tried before the Hon. FRANKLIN BLADES, judge, and a jury, resulting in a verdict and judgment in favor

of the people, against the defendants. The defendants appealed to the Appellate Court, in which the judgment of the circuit court was affirmed.

Mr. STEPHEN R. MOORE, for the appellants.

Mr. DANIEL H. PADDOCK, for the People.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of debt, brought in the Kankakee circuit court, on a bond executed by appellants on an appeal to the Supreme Court from a judgment for the amount of taxes against a large number of tracts of land and lots. The declaration contains two counts, and assigns breaches that Mix did not prosecute his appeal with effect, and the judgment was affirmed in the Supreme Court, and judgment rendered against Mix for the costs of that court; that the judgment and costs have not been paid and the judgment remains in full force.

Defendants filed a number of pleas: 1st, *non est factum;* 2d, *nil debet;* 3d, that Mix did prosecute his appeal with effect and did pay the amount of the judgment so affirmed, according to the tenor and effect of the bond, and has kept all and singular the conditions of the bond; 4th, that the judgment was against the lands and not against Mix, and he did not own the lands and had no interest therein, and he did not appeal or try to appeal from the judgment to the circuit court, and the judgment was not for the recovery of money against Mix, and that the condition of the bond was not prescribed by the county court, and it is not in compliance with the statute; and 5th, that Mix, since the giving of the bond and before the commencement of the suit, paid the taxes, interest and costs to the treasurer of the county on each and every piece and parcel of land in the bond described.

To each of these pleas plaintiff filed a demurrer, and it was sustained to all but the first. We are at a loss to see why defendants should file a plea of *nil debet* to an action of debt

552      Mix *et al. v.* The People.      [Sept. T.

Opinion of the Court.

on a bond when there are no common counts in the declaration. All know such a plea in this case is inapplicable and bad on demurrer. If issue had been joined on it we are unable to conceive its use to defendants on the trial. It was bad, and the court, of course, sustained a demurrer to it.

Nor can we see why a demurrer was filed to the plea of *non est factum.* We presume the entire profession, without exception, know it is a proper plea to an action of debt on an instrument under seal. We have never heard or known of its being questioned. When interposed, the defendant may take advantage of any variance between the instrument and the declaration. If, however, defendant intends to deny that he ever executed the writing obligatory sued on, he is required to verify this plea by affidavit, and when he does so the plaintiff is put upon the proof of the execution of the instrument. The court could not do otherwise than overrule the demurrer to this plea.

The demurrer to the third and fourth pleas was special. The third plea is double. It avers that the appeal was prosecuted with effect and that Mix did pay the amount of the judgment so affirmed. It is also repugnant and impossible to be true. If the appeal was prosecuted with effect, then the judgment of the lower court was reversed, and if reversed, there was no judgment that could be paid. A plea similar to the fourth was held bad on demurrer in the case of *Mix* v. *The People,* 86 Ill. 330, and that case must govern this.

The fifth plea does not profess to answer the whole declaration.

In the case of *George* v. *Bischoff,* 68 Ill. 236, it was held that where a plea professes to answer the whole cause of action and does not, it is bad, and there being no other plea the plaintiff might have taken judgment by default at the proper time. It follows that this plea is bad and the court did right in sustaining the demurrer.

Defendants below by leave of court filed two additional pleas, to which a demurrer was filed and sustained. The first

additional plea avers that defendants did, from time to time, and at all times after the making of the writing obligatory and the conditions therein, well and truly keep and perform all and singular the matters and things in the condition specified, and they aver that James Mix did prosecute his appeal with effect.   The second additional plea avers the defendants observed all the conditions in the bond specified, and that James Mix paid the costs and judgment mentioned in the declaration according to the terms and effect of the writing obligatory.   The special causes of demurrer assigned to these pleas are, that neither of them goes to the whole declaration; that they do not meet all the breaches assigned in the declaration, and both pleas are contradictory and repugnant.

The second of these pleas is repugnant, inasmuch as it is averred, first, that defendants kept and performed all of the conditions of the bond.   Now, this embraced prosecuting the appeal with effect, and the pleader does thus aver that the appeal was prosecuted with effect.   And then it impliedly admits that it was not prosecuted with effect, by averring that Mix paid the costs and judgment mentioned in the declaration and that the costs and judgment are paid, satisfied and discharged.   Now the judgment mentioned in the declaration is the judgment affirmed by the Supreme Court.   The demurrer to this plea was, therefore, properly sustained.

It will be observed that the first additional plea is one of general performance.   It was held in *Mix* v. *The People, supra,* that a particular breach on the bond having been assigned in the declaration the plea should have answered it, and that a plea of general performance was clearly bad.   And the authorities referred to in that case hold such a plea to a declaration assigning special breaches bad on general demurrer.   There was, therefore, no error to sustaining the demurrer to this plea.

The plea of *non est factum* was the only plea upon which the case was tried.   And its office was to enable defendants to avail of any variance that might have existed, or, that it was

554        MIX et al. v. THE PEOPLE.        [Sept. T.

Opinion of the Court.

not the deed of the obligors.   We are unable to see that, under it, proof in avoidance of the action could be made.   But proof of payment of taxes on the lands was admitted as far as it was offered, but was properly rejected under the issue so far as the offer was to prove title to the land was not in Mix, and for the further reason that such proof could not be made orally. Whether or not the other evidence offered and rejected would have been admissible under proper issues, it was improper as attempting to prove written documents by oral evidence, which would violate one of the most elementary rules of evidence, that must be familiar to all members of the profession.   There was no error in rejecting evidence.

It is urged, that the evidence introduced wholly failed to make out a case.   Not that there was a conflict in the evidence, but that there was no evidence on which to base a finding. Plaintiff introduced the appeal bond, and it recited that judgment had been rendered against each tract of land for the sum set opposite to each, and a list of the lands against which the judgment appealed from was rendered is set out in the appeal bond, and the sums for which judgment had been rendered. The obligors thus admit that judgment had been thus rendered, and the sum set opposite each tract was for the true amount. We fail to see how more satisfactory evidence of the amount of the judgment could be produced.   The amounts appear, and when defendants gave the bond they admitted the judgment had been rendered, the amount, and that the amount was correct.   They are bound by this admission.   We had supposed that this was so plain that no person in or out of the profession would have questioned it.

But the case of *Mestling* v. *Hughes*, 89 Ill. 389, is referred to as conclusive in favor of appellants.   That was an action on an appeal bond conditioned for the payment of rents due and to become due, and all damages and loss and costs.   The amount of rents and damages and loss were not, nor could they have been, fixed or ascertained in that bond.   Had the rents already due been specified as to amount, in the bond,

the amount thus fixed would have been proved simply by the production of the bond. But as the amount of accrued rent and the rent to accrue and the damage and loss were not fixed in the bond, the amount of course had to be proved after the bond was read in evidence. This is the distinction between that case and this, and it is so plain that all must see and comprehend it at the most casual glance. The appeal bond showing and admitting the amount of the judgment appealed from, when the order of this court affirming that judgment was read in evidence, appellee had made out a case and was entitled to recover.

The objection that the judgment can not be sustained because the declaration only claims $900 damages is wholly unfounded. The declaration in the beginning claims $2500 debt, and each count concludes with a claim of damages to that amount.

All the other questions raised are merely frivolous and we decline to waste time in considering them.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*