HEINZELMAN BROS. *et al.*

*v.*

HENRY E. SCHRADER, Assignee.

*Filed at Mt. Vernon May 5, 1894.*

INSOLVENT DEBTOR—*assignment—appeal from order of distribution.* No appeal lies to the circuit court, from an order of the county court, refusing to order payment, by the assignee of an insolvent bank, of a dividend on certain certificates of indebtedness against the insolvent bank.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. GEORGE W. WALL, Judge, presiding.

Messrs. HAMILL & BORDERS, for the appellants.

Mr. MARSHALL W. WEIR, for the appellee.

Per CURIAM:   Appellee is assignee of the People's Bank of Belleville, appointed under a voluntary assignment, made in pursuance of our statute in force July 1, 1877.   On the 26th of June, 1891, appellants entered their motion in the county court of St. Clair county, where the assignment proceedings were pending, for an order directing the assignee to pay a dividend of twenty per cent on certain certificates of indebtedness against the bank, claimed to be owned and held by them.   The motion was denied, and appellants prosecuted

an appeal to the circuit court of that county. The case was tried in that court *de novo*, and an order entered directing the assignee to pay, not only the twenty per cent dividend asked for in the county court, but also to pay dividends on the certificates in the future, the same as on other claims allowed against the assigned estate, and that the assignee pay the costs. The Appellate Court reversed that order and remanded the case, with directions to dismiss the proceedings.

It is difficult, if not impossible, to reach a different conclusion from that arrived at by the Appellate Court upon the merits of the controversy, if the facts are accepted as recited in its final judgment. But we do not think the order of the circuit court can be sustained in any view of the case. Clearly, that court had no jurisdiction of the subject matter of the litigation. The administration of the assigned estate could not, in the manner attempted, be transferred from the county to the circuit court. The learned judge who heard the case in the circuit court evidently so understood it, for he said, in rendering his decision, (copied by counsel for appellants in their argument): "I find it very difficult for me to indicate in advance just what sort of a judgment ought to be entered, unless a mere judgment of advice." But independent of that view, it has been expressly decided by this court that an appeal in such cases does not lie to the circuit court. *Union Trust Co.* v. *Trumbull et al.* 137 Ill. 146.

The judgment of the Appellate Court reversing the order of the circuit court will be affirmed, and the case will be remanded to the circuit court, with directions to dismiss the appeal from the county court.

*Judgment affirmed.*

Mr. JUSTICE PHILLIPS took no part.