## Wm. A. McCune, Assignee, v. The American Screw Co. et al.

1. VOLUNTARY ASSIGNMENTS—*Are Chancery Proceedings.*—A proceeding in a County Court, under the act relating to assignments by insolvent debtors, is not a purely statutory proceeding, but is a chancery proceeding, modified and regulated by statute. It is a suit in

chancery, within the meaning of the statute relating to Appellate Courts.

2. APPEALS—*From the County Court in Insolvency Proceedings.*— An appeal from a final order or decree of a County Court, in the administration of an insolvent estate, under a general assignment for the benefit of creditors, goes to the Appellate and not to the Circuit Court.

3. SAME—*Final Orders.*—An order of a County Court in assignment proceedings, which finally settles the right to have certain disputed assets of the insolvent charged to the assignee, is a final order, within the meaning of the statute in regard to appeals.

**Assignment Proceedings.**—Appeal from the Circuit Court of Whiteside County; the Hon. J. C. GARVER, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed July 1, 1897.

C. L. SHELDON, attorney for appellant.

JOHN W. ALEXANDER, attorney for appellees.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an appeal from the County Court to the Circuit Court from an order of the County Court sustaining certain objections to the final report of appellant as assignee, under the insolvent debtor's act, of the Novelty Manufacturing Co., made by the appellee a creditor of the insolvent.

On March 6, 1896, the court, after sustaining certain objections made by appellee to the final report of the appellant, ordered the latter to file another report under oath charging himself with various items stated.

From this order the appellant prayed an appeal to the Circuit Court of Whiteside County, which was allowed and perfected. On motion of appellee made in the Circuit Court to dismiss the appeal the same was dismissed by the court. The ground on which the appeal was dismissed was, that it was not properly taken to the Circuit Court but should have been taken directly to the Appellate Court.

From this order of dismissal this appeal is taken to this court, and a reversal of the order of the Circuit Court dismissing such appeal from the County Court asked.

The question is presented whether or not an appeal lies

from an order of the County Court to the Circuit Court in charging an assignee on hearing of his final report with moneys he claims he should not be charged with, or must an appeal be taken to the Appellate Court in the first instance.

It is conceded that if this proceeding is in its nature a chancery proceeding in the County Court, then under Sec. 8, Chap. 37, R. S., the appeal lies directly to the Appellate Court, provided the order appealed from was a final order. We are of opinion the order of the County Court was a final order. It settled finally the right to have certain disputed assets of the insolvent charged up against appellant the assignee, and as to them the order was final.

As to whether this was a chancery proceeding, we think the question well settled by the Supreme Court in the fol-. lowing cases, which we refer to for a full exposition of the law on the point in question, to wit: Union Trust Company v. Trumbull et al., 137 Ill. 156; Lee v. People ex rel., 140 Ill. 536; Levy v. Chicago National Bank, 158 Ill. 88.

In the latter case it was expressly held that a voluntary assignment for the benefit of creditors at common law created a trust in the assignee and was a subject of equitable jurisdiction, and that " the trust in behalf of creditors by virtue of a voluntary assignment is no less a subject of equitable cognizance since the enactment of this statute than it was before its enactment, and hence, if no tribunal had been named for the enforcement of the provisions of this statute it would have devolved upon a court of chancery to do so. The proceeding is not a statutory proceeding but a chancery proceeding modified and regulated by statute."

The court further held that the fact that the statute conferred jurisdiction on the County Court to administer the subject-matter of the assignment did not change the nature of the proceeding, but that it remained a chancery suit in the County Court.

We regard the question fully settled by the above cases, and it is not necessary that the proceedings in the County Court,

as to pleadings, should conform to those in chancery to make this a chancery proceeding, as supposed by appellant's counsel.

It is enough if the County Court, according to the practice in that court, is exercising equity jurisdiction.

The case of Grier v. Cable, 159 Ill. 32, is not in point, as that was a case of the presentation and allowance of claims against an insolvent estate, and was purely a statutory proceeding.

The order appealed from was one settling the rights of creditors in a final report of the assignee, and was in the nature of a final decree in chancery against the assignee as to how much he should be required to pay the creditors and how much he owed the estate of the insolvent, and was as much of a proceeding in chancery as any part of the proceeding and was in its nature final on that question.

As all orders made by the County Court in its administration of the insolvent's estate would be in the exercise of its chancery jurisdiction, even interlocutory orders could not be appealed from to the Circuit Court. Seeing no error in the record, the order of the Circuit Court dismissing the appeal is affirmed.