W. A. MᶜCUNE, Assignee,

*v.*

THE AMERICAN SCREW COMPANY *et al.*

*Opinion filed December 22, 1897—Rehearing denied February 2, 1898.*

APPEALS AND ERRORS—*appeal from county court in voluntary assignments lies to Appellate Court.* An appeal in a case arising out of the filing of objections in the county court to the report of an assignee for creditors lies direct to the Appellate Court, and it cannot be taken to the circuit court by appeal for trial *de novo.*

*McCune* v. *American Screw Co.* 70 Ill. App. 631, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Whiteside county; the Hon. JOHN C. GARVER, Judge, presiding.

C. L. SHELDON, for appellant.

JOHN W. ALEXANDER, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Issues arising out of objections filed by the appellees to the report of the appellant, as assignee of the Novelty Manufacturing Company, an insolvent debtor, were decided by the county court of Whiteside county adversely to the assignee. The appellant prosecuted an appeal to the circuit court of said Whiteside county, which appeal was dismissed on the ground that jurisdiction to entertain the appeal was in the Appellate Court for the Second District, and not in the circuit court. The appellant prosecuted an appeal from the order of the circuit court to the Appellate Court for the Second District, and, the order of the circuit court being affirmed by the Appellate Court, has prosecuted a further appeal to this court.

The only question presented by the record is whether the appeal was properly taken to the circuit court. In *Union Trust Co.* v. *Trumbull*, 137 Ill. 146, we held that a pro-

ceeding in the county court, under the statute in relation to voluntary assignments for the benefit of creditors, is not a statutory proceeding, but a proceeding in chancery modified and regulated by the statute, and that an appeal from an order or judgment of the county court in such proceeding was controlled by the provisions of section 8 of the act of the General Assembly establishing Appellate Courts of the State, as amended by an act approved June 6, 1887, and should be prosecuted to the Appellate Court, and could not be taken to the circuit court by appeal for trial *de novo*. In *Heinzelman Bros.* v. *Schrader*, 150 Ill. 227, and *Levy* v. *Chicago Nat. Bank*, 158 id. 88, it was held the circuit court had no jurisdiction to entertain appeals from the order or judgment of a county court entered in the course of a proceeding of voluntary assignment of an insolvent debtor for the benefit of his creditors, and the ruling in the case of *Union Trust Co.* v. *Trumbull, supra,* was expressly approved. What has been said in the opinions rendered in the cases cited has exhausted discussion of the subject. The question can no longer be regarded as an open one.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*