## Wm. A. McCune, Assignee, etc., v. Hartman Steel Co. et al.

1. VOLUNTARY ASSIGNMENTS—*Expense of Erroneous Appeal.*—Where an assignee takes an appeal to the wrong court, and persists in such appeal after being advised that he is wrong, and the appeal is taken for his benefit, the expenses of the mistake should be borne by him.

2. SAME—*Assignee Entitled to Professional Advice and Assistance.* —An assignee is entitled to professional advice and assistance in drawing his report in matters of importance, as well as a reasonable allowance for an attorney at the hearing of objections.

3. SAME—*Liability of Assignee for Rents Not Collected.*—An assignee should be charged with the difference between the amount of rents due his assignor and the amount he should have collected.

4. SAME—*When Chargeable with Interest.*—An assignee is to be charged with legal interest on amounts found due in his hands for distribution from the time they should have been distributed.

5. PRACTICE—*Motion to Strike Objections by Non-resident Creditors from the Files.*—Before a motion to strike objections of non-resident creditors from the files for the want of security for costs can be entertained, it must be shown, by affidavit or otherwise, that at the time the objections were filed the objectors were non residents of the State of Illinois.

**Proceedings Under the Assignment Act.**—Appeal from the County Court of Whiteside County; the Hon. H. C. WARD, Judge, presiding. Heard in this court at the October term, 1899. Affirmed in part, reversed in part, and remanded with directions. Opinion filed February 1, 1900.

C. L. SHELDON, attorney for appellant.

J. E. McPHERRAN, attorney for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

In 1884 the Novelty Manufacturing Company, located at Sterling, Illinois, having become insolvent, made an assignment to William A. McCune, the appellant, for the benefit of its creditors.

Appellant qualified as such assignee, took charge of the assets of the insolvent corporation and proceeded to dispose of its property and convert the same into money. On October 21, 1895, appellant filed his report as assignee, showing a balance in his hands, asking for an order to distribute the same, and that when said distribution should be made he be discharged. Certain of the creditors, including the Hartman Steel Company, filed objections to the report, some of which were sustained by the court, and the assignee was ordered to restate his account and file an amended report. From this order an appeal was taken by the assignee to the Circuit Court, which, upon motion by the creditors, dismissed the appeal on the ground that it should have been taken directly to the Appellate Court. From the order of the Circuit Court dismissing the appeal the assignee appealed to the Appellate Court, where the judgment of the Circuit Court was affirmed, and thence to the Supreme Court, where the judgment was again affirmed. William A. McCune, Assignee, v. The American Screw Co. et al., 70 Ill. App. 631, and 170 Ill. 622.

On October 24, 1898, the remanding order having been filed in the County Court, it was ordered that the assignee make and file his report and exhibit all claims filed with him, and in compliance with such order, on November 14th following, he filed his amended final report. The Hartman Steel Company and other creditors filed twenty-five objections to said report. They were heard upon proofs and most of them were overruled. The court, however, sustained certain of the objections and restated the account

accordingly. The assignee excepted to the rulings of the court so far as the same were adverse to him, and by this appeal seeks a reversal of the same. Although the objections to the report were numerous, the matters contained therein, which are involved in this suit, are but four in number and will be considered in order.

First. The assignee had inventoried a certain number of pounds of wire on hand, of certain sizes, and in 1884 petitioned the County Court, stating W. A. Sanborn had offered a certain price per pound for it, and asking leave to sell it to him at that price. An order was thereupon entered by the court, authorizing the sale of the wire at the price stated. In his report the assignee charged himself with the sale of a less quantity of wire than that mentioned in the petition, at a slightly lower price. The County Court charged him with the full amount of wire inventoried and described in the petition, at the price therein named and fixed by the order, making a difference of $601.10 against him. The proof shows the quantities for the inventory and petition were taken from invoices, and not from personal weighing by the assignee; that when he came to make up the wire for the purchaser he caused it to be weighed, and made a bill of its weight to the purchaser showing a less quantity; that wire is subject to some shrinkage in weight, by reason of waste in manufacture, and that the assignee in fact only sold and delivered the quantity with which he charged himself in the report. We think the assignee's bill to the purchaser, under all the circumstances shown by the evidence, better proof of what was actually sold and delivered to the purchaser than the mere recollection of Presbrey, the only witness who contradicted appellant on that subject, who, fourteen years ago, weighed part of it, and at the time saw figures made by others, not witnesses, who weighed the rest. We therefore hold that the assignee should only be charged with the quantity billed to the purchaser. But, the price being fixed by the order, he had no right to sell the wire for a less price, and he testified that he could not explain why he

did so.  He should, therefore, be charged for the wire at the price named in the order.

Second.  Prior to the assignment, the firm of Cavert & Mallory leased power from the Novelty Manufacturing Company at $12 per month.  After the assignment they continued to use the power until the assignee sold the property in September, 1885.  The assignee collected from them only enough to pay the rent for four months during the entire time he had control of the power.  He testified that they were unwilling and unable to pay more, but does not show any steps taken by him to compel payment or to sell the claim against them.  It appeared from the evidence that Cavert & Mallory paid the rent, at the rate of $12 a month, to the Novelty Manufacturing Company before the assignment, and that they paid promptly at the same rate to the party who purchased from the assignee.  We therefore think it proper that the assignee should be charged with the difference between the amount he collected and the amount he should have received at $12 per month, which is the sum of $81.60.

Third.  In his report the assignee took credit for $350.80 for attorney's fees and expenses since his last report, which the court below rejected.  Most of the items going to make up that amount are for attorneys' fees and printing briefs, abstracts and petition for rehearing in the case, taken by the assignee to the Circuit, Appellate and Supreme Courts above referred to.  The assignee went to the wrong court with his appeal and persisted in it after being advised he was wrong.  The appeal was taken for the benefit of the assignee and the expenses of the mistake should be borne by him.  But $115 of said sum is for professional advice for drawing his amended report and for counsel who assisted him at the hearing of the objections.  As to nearly $7,000 of the amount to which objections were filed, the assignee was sustained, and he was overruled only as to the sums above mentioned.  We think he was entitled to professional advice and assistance in drawing his report in so important a matter and under the circumstances a reasonable allow-

ance for an attorney at the hearing of the objections. The attorney's fees to the amount of $115 should have been allowed.

Fourth. The County Court, in reforming his account charged the assignee with interest on the amount found to be in his hands for distribution from April 14, 1890, at the rate of five per cent per annum. The evidence shows that appellant had or should have had in his hands, for that length of time, money belonging to the creditors, which should have been distributed, and he was therefore properly charged with the interest during the time which he detained it. We approve both the date from which the interest is charged and the rate. The amount upon which it is to be computed will need to be restated in the manner hereinbefore indicated.

After the hearing in this cause, but before the court had entered its order in the same, appellant entered a motion, supported by affidavit, to strike the objections of appellees from the files, on the ground that they were non-residents of the State of Illinois, and had not filed any security for costs as required by the statute. The denial of this motion by the court is assigned by appellant as error. The matters in controversy here had been substantially in litigation for some four years. Without passing on the question whether non-resident creditors are required to file security for costs under such circumstances, it is sufficient to say that it does not appear from the affidavit, or otherwise, that at the time the objections were filed, appellees were non-residents of the State of Illinois. That fact must be shown before motion to dismiss could be entertained. Leadbeater v. Roth, 25 Ill. 587; Johnson v. Huber, 34 Ill. App. 527.

The court committed no error in overruling the motion.

For the reasons above given, the order of the County Court in this case is affirmed in part and reversed in part, and remanded, with directions to restate the account of the assignee so as to conform to the views of this court as hereinbefore indicated.

Affirmed in part, reversed in part, and remanded, with directions.