## Lora Groszglass v. Herman Von Bergen, administrator.
### Gen. No. 11,995.

1.  APPEAL—*when lies to Appellate Court.*  An appeal from an or-
der of the County Court, remanding to the custody of the sheriff a
petitioner who was held under *capias* and who had applied for dis-
charge under the Insolvent Debtors' Act, is properly to be taken to
the Appellate and not to the Circuit Court.

Petition for discharge under Insolvent Debtor's Act.  Appeal from
the Circuit Court of Cook County; the Hon. FREDERICK A. SMITH,
Judge, presiding.  Heard in this court at the October term, 1904.
Affirmed.  Opinion filed June 15, 1905.

BURRES & McKINLEY and ELIJAH N. ZOLINE, for appel-
lant.

J. H. PERKINSON, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

The appeal in this case is from an order of the Circuit Court of Cook county dismissing an appeal to said Circuit Court from the County Court. ·

The judgment in the County Court was that the petition of Lora Groszglass to be released under the Insolvent Debtor's Act from imprisonment and custody on a *capias ad satisfaciendum* issued by the Superior Court of Cook county, in favor of Barbara Von Bergen, should be denied, and that the said Lora Groszglass should be remanded to the custody of the sheriff until the further order of the court, and the costs of the proceeding be taxed against her.

The only question for us to decide is whether the appeal was wrongfully taken to the Circuit Court.

This is not a new question. It has been more than once passed on by this court adversely to the contention of the appellant. This is apparently conceded by counsel, who, however, urge us "thoroughly to reconsider the entire question." We cannot reconsider it, however, without reference to the cases already decided by this court, and much less can we do so without taking account of the utterances of the Supreme Court.

It has been decided, in the first place, that a petition under the Insolvent Debtor's Act is the proper method for one to seek a release when arrested under a *ca. sa.*, and that it is then for the creditor to show that the petitioner is not entitled to relief under it. Kitson v. Farwell, 132 Ill. 327; Sawyer v. Nelson, 44 Ill. App. 184. It has also been decided that section 8 of the Appellate Court Act by implication repeals the provisions of the statutes which are in conflict with it. Union Trust Co. v. Trumbull, 137 Ill. 146; Grier v. Cable, 159 Ill. 29; McCune v. American Screw Co., 170 Ill. 622. The same cases also decide that sections of the statute giving an appeal from the County Court to the Circuit Court, in cases in which section 8 of the Appellate Court Act provides for appeals to the Appellate Court, are in conflict with the Appellate Court Act. The Appellate Court Act provides for such appeals from all final judgments

of County Courts "in any suit or proceeding at law or chancery."

The Supreme Court decided in Grier v. Cable, 159 Ill. 29, and in subsequent cases have acted upon the proposition, that certain statutory proceedings in the Probate Court were not "proceedings in law or chancery" and bear no analogy thereto, and that consequently appeals from the County Court to the Circuit Court still lie in those matters. But both the Supreme Court and this court have decided that proceedings arising under a statute of Illinois in relation to insolvency— that concerning voluntary assignments—were, although statutory, "proceedings in law or chancery" ("a chancery proceeding regulated by statute"—one such matter was called by the Supreme Court), and that appeals do not lie from the final judgment of the County Court in such cases to the Circuit Court, but to the Appellate Court. Union Trust Co. v. Trumbull, *supra;* Levy v. Chicago Nat'l Bank, 158 Ill. 88; Heinzelman Bros. v. Schrader, 150 Ill. 227; Columbian Light, Heat & Power Co. et al. v. Bunker, 51 Ill. App. 258. As the Supreme Court said in McCune v. American Screw Co., 170 Ill. 622, the cases decided "have exhausted the discussion of the subject. The question can no longer be regarded as an open one."

In the cases of this kind cited by appellant, in which appeals came through the Circuit to the Appellate and Supreme Courts (Sawyer v. Nelson, 160 Ill. 629, and Kitson v. Farwell, *supra*), the point was not raised or discussed. The Supreme Court has also decided, with reference to the same question of appeal involved here, that a proceeding in bastardy, which is certainly more purely a statutory matter than the one at bar, is "a proceeding at law." Lee v. People, 140 Ill. 536.

Finally, proceedings under the same Act involved in this appeal, the Insolvent Debtor's Act, and of the same nature, have been by this court declared to be proceedings at law, and to involve a direct appeal to this court and not to the Circuit Court. Huntington v. Metzger, 51 Ill. App. 222; not reversed as to this point in 158 Ill. 272; In the Matter of Har-

manek, 66 Ill. App. 593; In the Matter of Christian Busse, 80 Ill. App. 261. Though the court in the last case expressed a doubt of its jurisdiction, it asserted and retained it, and the doubt no longer exists.

The Appellate Court of the Third District has arrived at the same conclusion, and has discussed at some length the question whether such a petition as is involved here is a proceeding at law, reaching an affirmative answer. First Nat'l Bank v. Sanford, 83 Ill. App., 58. The reasoning of the learned judge therein commends itself to us, and we are in accord with it, but even if it did not, we should not feel ourselves at liberty to depart from the doctrine of *stare decisis* so far as to change a rule laid down before by us so clearly. Nor would it be to any good purpose. The simplification, not the multiplication of appeals is desirable.

*Interest rei publicae finis sit litium.*

