LORA GROSZGLASS

*v.*

HERMAN VONBERGEN, Admr.

*Opinion filed February 21, 1906—Rehearing denied April 5, 1906.*

APPEALS AND ERRORS—*appeal from order refusing to discharge insolvent debtor lies to Appellate Court.* Section 26 of the Insolvent Debtors act, authorizing an appeal to the circuit court from an order of the county court granting or denying an application for the discharge of an insolvent debtor, was repealed, by implication, by section 8 of the Appellate Court act, and an appeal from such an order should be taken to the Appellate Court.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. F. A. SMITH, Judge, presiding.

BURRES & MCKINLEY, and ELIJAH N. ZOLINE, for appellant:

The statute contemplates a trial *de novo* in the circuit court. Rev. Stat. chap. 72, secs. 27, 28; *Sawyer* v. *Nelson,* 160 Ill. 629; *Kitson* v. *Farwell,* 132 id. 327.

Proceedings in the county court for the discharge from imprisonment for debt are purely statutory, and the statute must be strictly followed. It is neither a suit at law nor in chancery, and written pleadings are not required. *Grier* v. *Cable,* 159 Ill. 29; *Martin* v. *Martin,* 170 id. 18; Insolvent Debtors act, secs. 1-5; chap. 72, sec. 26.

By filing objections to the merits of the case the question of jurisdiction was waived. *Grier* v. *Cable,* 159 Ill. 29.

Sections 27 and 28, in so far as they relate to appeals of debtors from imprisonment for debt, were not repealed by section 8 of the Appellate Court act. Repeals by implication are not favored in law. *Lippman* v. *People,* 175 Ill. 101.

J. H. PERKINSON, for appellee:

Section 8 of the Appellate Court act provides that appeals or writs of error from the final judgments, orders or decrees of the county courts in any suits or proceedings at law or in chancery lie to the Appellate Court. Starr & Cur. Stat. chap. 37, par. 28; *In re Busse,* 80 Ill. App. 265.

Appeals in matters of voluntary assignment lie direct to the Appellate Court, and not to the circuit court. *McCune* v. *Screw Co.* 170 Ill. 623; *Columbia Light Co.* v. *Bunker,* 51 Ill. App. 258.

From the findings of the county court in insolvency proceedings appeals go to the Appellate Court. *Trust Co.* v. *Trumbull,* 137 Ill. 146; *Lumber Co.* v. *Bank,* 159 id. 458; *Levy* v. *Bank,* 158 id. 103.

An appeal to the circuit court does not lie from an order of discharge from arrest on a *ca. sa.* entered in the county court. *Harmenek* v. *Guthman,* 66 Ill. App. 593; *Bank* v. *Sanford,* 83 id. 58; *Huntington* v. *Metzger,* 158 Ill. 272.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming an order of the circuit court of Cook county dismissing an appeal to said circuit court from a judgment of the county court of said county declining to discharge Lora Groszglass from imprisonment on a *capias ad satisfaciendum* issued by the superior court of Cook county in favor of Barbara VonBergen, under the Insolvent Debtors act.

The only question arising upon this record for decision is, does an appeal from an order of the county court declining to discharge an insolvent debtor under the Insolvent Debtors act lie to the circuit or to the Appellate Court? At the time the Insolvent Debtors act was passed there was no Appellate Court in existence in this State, and section 26 of that act expressly provided for an appeal to the circuit court. Subsequently the Appellate Court was created, and section 8 of the act creating said court provided for appeals to that court from all final judgments, orders or decrees of the county courts in any suit or proceeding at law or in chancery other than criminal cases not misdemeanors, and cases involving a franchise or freehold or the validity of a statute. The question here involved is therefore narrowed to the question whether or not section 26 of the Insolvent Debtors act is repealed, by implication, by section 8 of the Appellate Court act.

The uniform holdings of the Appellate Court (*Huntington* v. *Metzger,* 51 Ill. App. 222; *In re Harmanek,* 66 id. 593; *In re Busse,* 80 id. 261; *First Nat. Bank* v. *Sanford,* 83 id. 58;) have been that said section 26 was repealed by said section 8, and that an appeal should be taken to the Appellate Court, and not to the circuit court, from orders granting or refusing an insolvent a discharge from imprisonment under said act. In *Union Trust Co.* v. *Trumbull,* 137 Ill. 146, a contest over the distribution of an insolvent's estate in the hands of an assignee under the Voluntary As-

signment act was held to be a chancery proceeding modified and regulated by statute, and that an appeal from the order of the county court in such proceedings was properly taken to the Appellate Court. To the same effect is *Heinzelman Bros.* v. *Schrader,* 150 Ill. 227, *Levy* v. *Chicago Nat. Bank,* 158 id. 88, and *McCune* v. *American Screw Co.* 170 id. 622. And in *Lee* v. *People,* 140 Ill. 536, it was held that while a proceeding under the Bastardy act was not a suit at law it was clearly "a proceeding at law," and that an appeal from the judgment of the county court in such proceeding should be taken to the Appellate Court, and not to the circuit court. A number of cases have been disposed of in this court similar to the case at bar, where the appeal was taken from the county court to the Appellate Court, (*Huntington* v. *Metzger,* 158 Ill. 272; *Jernberg* v. *Mix,* 199 id. 254;) while other cases (*Kitson* v. *Farwell,* 132 Ill. 327; *Sawyer* v. *Nelson,* 160 id. 629;) have been disposed of where the appeal was taken from the county court to the circuit court. The question here raised was not, however, considered in any of those cases.

Although the question is not free from doubt, we are inclined to agree with the view adopted by the Appellate Court. An application for a discharge of an insolvent debtor under the Insolvent Debtors act is not a suit at law. It grows out, however, of a suit at law and may be said to be a proceeding at law, and is no more a statutory proceeding than a proceeding under the Voluntary Assignment act for the allowance of a claim or the distribution of an insolvent's estate, or than is a proceeding under the Bastardy act. The appeal having been improvidently taken to the circuit court, was properly dismissed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*