## The People, for use of Herman Von Bergen, Administrator, Defendant in Error, v. Fred Groszglas et al., Plaintiffs in Error.

### Gen. No. 14,884.

1. PARTIES—*effect of action by one party for the use of another.* The defendant in an action upon an appeal bond cannot complain of the fact that it is brought in the name of The People for the use of the beneficial plaintiff.

2. PARTIES—*when action properly brought for the use of an administrator.* An action upon an appeal bond is properly brought in the name of an administrator for the deceased party for whose benefit such bond was given.

3. BONDS—*what establishes prima facie case upon bond given on appeal from order refusing to discharge from arrest upon capias.* The affirmance of a judgment together with proof of the judgment remanding into custody, with evidence tending to show non-surrender, makes out a *prima facie* case in an action upon such an appeal bond.

4. BONDS—*when statute pertaining to bail bonds does not apply.* The statute as to suits on bail bonds in civil actions is not applicable to an action upon an appeal bond given for the purpose of reviewing a judgment remanding into custody for arrest upon a *capias*.

Action of debt. Error to the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed January 24, 1910.

JOHN A. McKEOWN and JOSEPH A. WEBER, for plaintiffs in error.

J. H. PERKINSON, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit upon an appeal bond. In December, 1900, Barbara Von Bergen, since deceased, recovered in the Superior Court of Cook county a judgment for $1,250 against plaintiff in error Lora Groszglas in an action in tort for assault and battery. Subsequently the said defendant judgment debtor in that action was arrested on a writ of *capias ad satisfaciendum* and held in custody of the sheriff in the county jail. Thereupon she filed a petition in the County Court for leave to schedule, seeking to be discharged from arrest under the insolvent debtor act. Upon hearing of the petition it was denied and the petitioner remanded to the custody of the sheriff. From that remanding order of the County Court petitioner prayed an appeal to the Circuit Court, which was granted upon her filing an appeal bond in the sum of $1,000. The bond was executed by petitioner and by Fred Groszglas as surety.

The Circuit Court having dismissed the appeal for want of jurisdiction, further appeals were prosecuted to the Appellate and then to the Supreme courts. Groszglas v. Von Bergen, 121 Ill. App. 212; *idem* 220 Ill. 340. Those courts having successively affirmed the judgment of the Circuit Court, suit has now been brought by the administrator of Barbara Von Bergen, deceased, upon the appeal bond filed in the County Court by defendants to perfect the appeal of the original judgment debtor, Lora Groszglas, from the County to the Circuit Court. Upon the hearing, a jury having been waived, the Municipal Court found the issues in favor of the plaintiff and entered judgment against the defendants for $1,000 and costs. From that judgment this writ of error is prosecuted.

At the trial in the Municipal Court no evidence was offered in behalf of the defendants. It is sought to reverse the judgment of that court, mainly upon tech-

nical grounds. We shall consider these objections so far as they appear to be material or plausible. The first objection urged in behalf of defendant is that the appeal bond sued on runs to the People of the State of Illinois and "is not payable to the beneficial plaintiff nor to the deceased Barbara Von Bergen, nor is it assigned to either of them." The suit is brought in the name of the People, to whom the bond runs. It is immaterial that it is for the use of the beneficial plaintiff.

In Vol. 15 of Ency. of Pl. & Prac., 484, cited by defendant's counsel, it is said that "Courts of law will not in general notice mere equitable rights as contradistinguished from the strict legal title and interest so as to invest the equitable or merely beneficial claimant with the ability to prosecute legal proceedings in his own name. The right of action at law is invested solely in the person having the strict legal title and interest to the exclusion of one holding a mere equitable claim or *cestui que trust*." The bond is a good common law bond. The People in their aggregate or corporate capacity may be obligee or payee and the instrument thus given may be enforced by the courts unless in case of a statutory prohibition. Richardson v. The People for use, etc., 85 Ill. 495-498. In Knight v. Griffey, 161 Ill. 85, it is said: "The obligee in an appeal bond has a legal right of action thereto in case of breach, for the use of any person for whom he chooses to bring it, and it is no concern of the defendant for whose use the action is instituted."

It is urged that the administrator of the estate of Barbara Von Bergen is not "a person interested" in contemplation of law, citing Storrs v. St. Luke's Hospital, 180 Ill. 368. The case at bar is not a suit to contest a will, nor is it of such nature. It is a suit to collect an outstanding claim in favor of the estate. In Bouvier's Law Dict., vol. 1, p. 86, it is said to be the duty of an administrator "to collect outstanding claims and convert the property into money. For this

purpose he acquires a property interest in the assets of the intestate.'' The action was properly brought by the People for the use of the administrator. Saunders v. Filley, 12 Pick. 554; Lovejoy v. Stelle, 18 Ill. App. 281.

It is argued that breach of the condition of the bond was not sufficiently proven. The order of affirmance in the Circuit Court made the judgment of the County Court remanding the principal defendant to the custody of the sheriff operative. There is evidence tending to show that she did not surrender herself. If she had in fact sought to be taken into custody, as her attorney claims she may have done for aught that appears in evidence, and the sheriff had refused, it was matter of defense which could have been proven. The evidence referred to, together with the introduction of the appeal bond and order of affirmance made a *prima facie* case which defendants did not attempt to rebut. See Mix v. The People, 92 Ill. 549-555.

The suggestion that the bond sued on is a bail bond is without force. The statute as to suits on bail bonds in civil actions is not applicable. The evidence sufficiently identifies the defendants, and justifies the finding and judgment.

Finding no material error in the record, the judgment of the Municipal Court will be affirmed.

*Affirmed.*