ANNA LAURUSZKA, Defendant in Error, *vs.* THE EMPIRE MANUFACTURING COMPANY *et al.*—(THE CYCLONE BLOW PIPE COMPANY, Plaintiff in Error.)

*Opinion filed December 22, 1915—Rehearing denied Feb. 4, 1916.*

1. APPEALS AND ERRORS—*under Workmen's Compensation act appeal does not lie from county to circuit court.* Under the Workmen's Compensation act of 1911 an appeal will lie either to the county court or circuit court from the decision of arbitrators, but if the appeal is taken to the county court a further appeal will lie from the judgment of the county court to the Appellate Court or the Supreme Court, according to the questions involved, and is not required to be taken to the circuit court.

2. SAME—*county court has jurisdiction under the Workmen's Compensation act though award exceeds $1000.* The county court and circuit court have concurrent jurisdiction, under the Workmen's Compensation act of 1911, to hear an appeal from the decision of arbitrators, and the fact that the amount of compensation awarded exceeds $1000 does not deprive the county court of jurisdiction.

3. CONSTITUTIONAL LAW—*the Workmen's Compensation act of 1911 was constitutionally passed.* The Workmen's Compensation act of 1911 is not invalid upon the alleged ground that it was not passed in the manner required by the constitution. (*Dragovich* v. *Iroquois Iron Co.* 269 Ill. 478, followed.)

WRIT OF ERROR to the County Court of Winnebago county; the Hon. LOUIS M. RECKHOW, Judge, presiding.

MOSES, ROSENTHAL & KENNEDY, and R. K. WELSH, (WALTER BACHRACH, of counsel,) for plaintiff in error.

MAYNARD & KNIGHT, (A. D. EARLY, of counsel,) for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a proceeding under the Workmen's Compensation act of 1911 to recover for the death of one George Lauruszka. A petition was filed in the county court of Winnebago county by Anna Lauruszka and Thomas Lauruszka, as sister and father, respectively, of the deceased, against the Empire Manufacturing Company and the Cyclone Blow Pipe Company to recover for injuries sustained by said George Lauruszka in the course of his employment as the servant of the above named corporations, which resulted in his death. To this petition each of the companies filed a separate plea alleging the unconstitutionality of the Workmen's Compensation act by reason of certain irregularities in the passage of the act. A hearing was had upon the issues raised by these pleas, which resulted in a finding in favor of the petitioners. The Cyclone Blow Pipe Company elected to stand by its plea, and therefore objected to and refused to participate further in the proceedings. The Empire Manufacturing Company joined in the arbitration and appointed an arbitrator. A hearing was had before the arbitrators, resulting in a finding that Anna Lauruszka was entitled to recover of the Cyclone Blow Pipe Company the sum of $1200 as the personal representative of deceased, in weekly payments of six dollars each, and that the Empire Manufacturing Company was exonerated from all liability. Thereafter the matter came on to be heard on the petition of Anna Lauruszka in the county court of that county for a lump sum settlement, to which due objection was interposed by the Cyclone Blow Pipe Company, (hereinafter called plaintiff in error,) both to the constitutionality of the Workmen's Compensation act and the jurisdiction of the county court to entertain the cause where the amount of the claim is in excess of $1000. A hearing was

271 — 20

had on the petition, and the court awarded the petitioner $1200 as a lump sum settlement and costs of the proceedings. Plaintiff in error preserved its exception to the judgment as entered and has prosecuted this writ of error direct to this court on the ground that the constitutionality of a statute is involved.

The two reasons urged for reversal of the judgment are, (1) the unconstitutionality of the Workmen's Compensation act of 1911; and (2) want of jurisdiction in the county court to hear a case of this character where the claim for damages is in excess of $1000.

Defendant in error has made her motion in this court to dismiss the writ of error, and the same has been taken with the case. The ground urged is, that this court has no jurisdiction to entertain an appeal or writ of error in this class of cases by reason of the provisions of sections 122 and 123 of the County Court act. (Hurd's Stat. 1913, p. 713.) Section 122 of that act provides: "Appeals may be taken from the final orders, judgments and decrees of the county courts to the circuit courts of their respective counties in all matters except as provided in the following section, upon the appellant giving bond and security in such amount and upon such conditions as the court shall approve, except as otherwise provided by law. Upon such appeal the case shall be tried *de novo*." Section 123 provides that appeals and writs of error in proceedings for confirmation of special assessments, the sale of lands for taxes and special assessments, and in all common law and attachment cases and those of forcible entry and detainer, may be taken to the Supreme and Appellate Courts.

Sections 122 and 123 of the County Court act must be read in connection with section 8 of the Appellate Court act, (Hurd's Stat. 1913, p. 681,) which is as follows: "The said Appellate Courts created by this act shall exercise appellate jurisdiction only, and have jurisdiction of all matters of appeal, or writs of error from the final judgments, or-

ders or decrees of any of the circuit courts, or the superior court of Cook county, or county courts, or from the city courts in any suit or proceeding at law, or in chancery other than criminal cases, not misdemeanors, and cases involving a franchise or freehold or the validity of a statute. Appeals and writs of error shall lie from the final orders, judgments or decrees of the circuit and city courts, and from the superior court of Cook county directly to the Supreme Court, in all criminal cases and in cases involving a franchise or freehold or the validity of a statute." It is also necessary to consider in this connection sections 91 and 118 of the Practice act, (Hurd's Stat. 1913, pp. 1873, 1878,) which are as follows:

"Sec. 91. Appeals shall lie to and writs of error from the Appellate or Supreme Courts, as may be allowed by law, to review the final judgments, orders or decrees of any of the circuit courts, the superior court of Cook county, the county courts or the city courts and other courts from which appeals and to which writs of error may be allowed by law, in any suit or proceeding at law or in chancery. Appeals or writs of error in this section allowed shall be subject to the limitations by this act provided and to the conditions imposed by law."

"Sec. 118. Appeals from and writs of error to circuit courts, the superior court of Cook county, the criminal court of Cook county, county courts and city courts, in all criminal cases below the grade of felony shall be taken directly to the Appellate Court, and in all criminal cases above the grade of misdemeanors and cases in which a franchise or freehold or the validity of a statute or a construction of the constitution is involved; and in cases in which the validity of a municipal ordinance is involved and in which the trial judge shall certify that in his opinion the public interest so requires, and in all cases relating to revenue, or in which the State is interested, as a party or otherwise, shall be taken directly to the Supreme Court."

The Workmen's Compensation act in question makes no provision for any appeal from a judgment rendered by the court on a trial *de novo* when a hearing is had in either the circuit court or county court on an appeal to either of said courts from a decision of the arbitrators, as provided in section 10 of that act. In this respect the statute is similar to the provisions of the act of 1874 which revised the law in relation to the commitment and detention of lunatics. In *People* v. *Gilbert*, 115 Ill. 59, in construing the provisions of section 122 of the County Court act, we held that no appeal would lie from the county court to the circuit court on an inquest of sanity. This court, in construing the sections in question of these various acts, held in *Union Trust Co.* v. *Trumbull*, 137 Ill. 146, and other like cases, that a proceeding in the county court under the act relating to assignments was not purely a statutory proceeding but a chancery proceeding modified and regulated by statute, and therefore not appealable to the circuit court. It has also been held in *Lee* v. *People*, 140 Ill. 536, that a bastardy proceeding, while not a suit at common law, was clearly a proceeding at law and therefore not appealable to the circuit court. In *Grier* v. *Cable*, 159 Ill. 29, it was held that an appeal from a judgment of the county court allowing or disallowing claims against the estate of a deceased should be taken to the circuit court, as such hearings were in no proper sense proceedings at law or in chancery. In *Lynn* v. *Lynn*, 160 Ill. 307, the court held that a proceeding in the county court for the sale of lands of a decedent for the payment of debts was practically a chancery proceeding and therefore not appealable to the circuit court. In *Grossglass* v. *VonBergen*, 220 Ill. 340, it was held that an application in the county court to discharge a debtor under the Insolvent Debtors act, while not a suit at law, was a proceeding at law and not a purely statutory proceeding. In *Myers* v. *Newcomb Drainage District*, 245 Ill. 140, this court had these sections of the statute under consideration,

and held that the proceedings to organize a special drainage district under the Farm Drainage act of this State was a statutory proceeding and not a proceeding at law or in chancery, and that therefore the appeal from the county court's order establishing such special drainage district should be to the circuit court.

The reasons advanced for the holding in the foregoing cases are applicable here. The wording of the whole law under consideration shows that one of its objects was to provide a speedy remedy for the injured employee, or those dependent upon him for support, to recover the compensation due him under the provisions of the act. Proceedings of this character were unknown to the common law or at the time sections 122 and 123 of the County Court act were enacted. County courts and circuit courts have concurrent jurisdiction in the decision of appeals from the decision of the arbitrators, as provided for in section 10 of the Workmen's Compensation act, and a hearing *de novo* may be had in such courts in such matters. It does not seem reasonable that it was the intention of the legislature to give a party two hearings *de novo* if he took his appeal from the decision of the arbitrators to the county court but only one hearing *de novo* if he took his appeal from such decision to the circuit court, nor do we think it would be proper to so construe the act. For these reasons the motion to dismiss the writ of error will be denied.

In support of its first contention, plaintiff in error insists that it does not appear from the house and senate journals that certain amendments, Nos. 1 to 23, inclusive, were printed before the final vote was taken on the passage of the act, as required by the provisions of section 13 of article 4 of the constitution of this State. Substantially the same objections were urged to the constitutionality of the passage of the act and the same evidence offered in support thereof, in *Dragovich* v. *Iroquois Iron Co.* 269 Ill. 478, where we held the evidence insufficient to show that the act

was not constitutionally passed. The reasons for our decision sustaining the constitutionality of the act are there fully set forth and need not be again repeated here. The decision in that case is conclusive on this question.

It is next urged that the county court has no jurisdiction, under the Workmen's Compensation act, in cases where the amount of the claim or judgment entered would be in excess of $1000. The jurisdiction of the county court in such matters is derived from section 10 of the Workmen's Compensation act of 1911, which provides: "Any question of law or fact arising in regard to the application of this law in determining the compensation payable hereunder, shall be determined either by agreement of the parties or by arbitration as herein provided. In case any such question arises which cannot be settled by agreement, the employee and the employer shall each select a disinterested party and the judge of the county court, or other court of competent jurisdiction, of the county where the injured employee resided or worked at the time of the injury, shall appoint a third disinterested party, such persons to constitute a board of arbitrators for the purpose of hearing and determining all such disputed questions of law or fact arising in regard to the application of this law in determining the compensation payable hereunder: * * * *Provided,* that either party to such arbitration shall have the right to appeal from such report or award of the arbitrators to the circuit court or the court that appointed the third arbitrator of the county where the injury occurred by filing a petition in such court within twenty days after the filing of the report of the arbitrators, and upon filing a good and sufficient bond, in the discretion of the court, and upon such appeal the questions in dispute shall be heard *de novo;* and either party may have a jury upon filing a written demand therefor with his petition." (Laws of 1911, p. 321.)

Section 18 of article 6 of the constitution provides that county courts shall be courts of record and have original

jurisdiction in all matters of probate, the settlement of estates, etc., and in proceedings for the collection of taxes and assessments, and such other jurisdiction as may be provided for by general law.   Pursuant to this constitutional authority the General Assembly passed a general law conferring upon county courts concurrent jurisdiction with circuit courts in all that class of cases wherein justices of the peace have jurisdiction, where the amount claimed or the value of the property in controversy does not exceed $1000, and in all cases of appeals from justices of the peace and police magistrates.   (Hurd's Stat. 1913, chap. 37, par. 95.)   But proceedings under the Workmen's Compensation act are not of the class of cases of which justices of the peace have jurisdiction, and the provision quoted therefore has no application to the question whatever.  Section 10 of the Workmen's Compensation act confers upon the judge of the county court of the county where the injured employee resided or worked at the time of his injury, authority to appoint arbitrators for the purpose of hearing all disputed questions of law or fact arising under that act, and then gives either party a right of appeal from the decision of such arbitrators to the circuit court, or to the court of the county that appointed the third arbitrator, where the cause is tried *de novo*.   In so doing we think it was clearly the intention of the legislature to confer upon the county court concurrent jurisdiction with the circuit court in all matters arising under this act.   "All questions of law or fact arising in regard to the application of this law in determining the compensation payable hereunder" would include the amount of compensation to be awarded in cases properly coming within the provisions of that act.   This contention of plaintiff in error is not well taken.

For the reasons given, the judgment of the county court of Winnebago county will be affirmed.

*Judgment affirmed.*