## City of Danville v. G. G. Mabin.

1.    PRACTICE—*Harmless Error.*—A motion was made to strike out the answer to a question, but the court held that an amendment to the declaration was necessary to make it admissible, and added, "you may consider the amendment made," and allowed the answer to stand, but the amendment was not made. *It was held,* as the omission to insert the amendment did not prejudice the adverse party, it was not reversible error.

2.    HEARSAY EVIDENCE—*When Not Reversible Error.*—A witness testified as to the probable cost of a wall, and based his judgment "upon inquiry to some extent, as he was not a brick mason himself." Upon cross-examination he named two persons as the sources of his information. *It was held* that if his testimony was open to the objection of hearsay, it did not appear that the adverse party was injured by it.

3.    EVIDENCE—*Cross-examination.*—Where the owner of real estate testifies as to its value, he may be asked, upon cross-examination, what has been his asking price for the same, because his action may be at variance with, and so discredit, his evidence; but not so necessarily, as to his agent.

4.    VERDICTS—*Objections to, When to be Made.*—Objections to mere matters of form of a verdict, must be made at the time it is returned into court, so that an opportunity to make corrections may be had. It is too late to complain of such matters on appeal.

**Memorandum.**—Action for damages, resulting from changing the grade of a street.    Appeal from the Circuit Court of Vermilion County. The Hon. FERDINAND BOOKWALTER, Judge, presiding.    Heard in this court at the November term, 1894, and affirmed.    Opinion filed February 11, 1895.

G. F. REARICK, attorney for appellant.

GEO. G. MABIN, attorney for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

The declaration against the city sets forth that plaintiff owned and possessed two improved lots fronting east on Vermilion street in said city, and that the defendant, disregarding his rights and intending to injure him in the use and enjoyment of them, excavated and lowered the grade of said street along and in front of them to a great depth, to wit, seven feet, by means whereof ingress and egress to and from them were made difficult and dangerous, and their market value greatly diminished, to his damage, etc.

On the general issue a trial was had, which resulted in a verdict for $600, and after motions for a new trial and in arrest overruled, judgment was entered thereon.

It appears that the lots were three feet, more or less, above the old grade of the street, which has been lowered nearly four. Plaintiff's residence, a two-story brick, with basement and ell, about twelve feet from the street line, is on the north lot, along which on its north side is a public alley, giving access to his wood and coal house. On the south lot is a two-story frame dwelling house.

It is conceded on the part of appellant that, as to the amount of depreciation in the value of the property attributable to the change in the street grade, the case is a very close one. Its own witnesses make it from three to five hundred dollars, which is about half of that of an equal number, besides the plaintiff, called by appellee. With that concession and this general statement, we may refrain from further notice of the evidence with any reference to the question of preponderance, and will briefly consider the alleged errors of law.

Plaintiff was asked as to the effect upon his property of the cutting down of the alley, which, counsel claimed, was necessitated by the lowering of the street grade, and upon objection made to it and motion to strike out the answer given, the court held that an amendment of the declaration was required to make it admissible, but added, "you may consider the amendment made," to which exception was

taken; and so the answer stood, but the amendment was not actually made. The answer was that there was not so much damage done to the lot, but it made the coal house difficult to use. The omission to insert the amendment could not have done any harm to the defendant.

A witness for defendant having stated· that he didn't think the lots could be graded, but would require a stone or brick wall five feet high, that in his opinion that was the principal damage, and that such wall could be made for $300, probably less, the plaintiff was recalled in rebuttal and asked what it would cost. He answered that his judgment "would have to be based upon inquiry, to some extent," as he "was not a brick mason." And being asked to answer from whatever sources of knowledge, if he knew, answered, "four dollars a front foot," and gave the frontage of both lots, including ten or fifteen feet return on the alley, as 127½ feet, making the cost $510; and on cross-examination he named two persons as the sources of his information. It is said that this was hearsay, and that the city was not liable for the expense of adjusting his property to the new grade—citing Shawneetown v. Mason, 82 Ill. 340, and other cases.

But neither of these cases denies its liability for the depreciation of the market value of the property caused by the new grade, and in this case the witnesses on both sides fixed the damages at the amount of such depreciation, and not at the cost of adjustment. They testified that in their opinion the benefits and special assessment were about a fair set-off. The defendant's witness just referred to so testified, and yet estimated the depreciation at $500—$300 on the residence premises and $200 on the other—within $10 of the hearsay cost of the wall. And that the jury were not affected by this improper testimony, is evident from the fact that, though the plaintiff estimated the depreciation at $1,000, they allowed him only six-tenths of it. If his estimate were reduced to $600, the evidence on the whole would still support the verdict, though it is quite likely that it was not until after he had given it and after the de-

fendant's witness had testified, that he made the inquiry of his informants, and, therefore, that it was not affected by the information.

A real estate agent, who had the south premises for sale, having stated that they were worth $2,500 before the change of the street grade, and $500 less after, was asked what was the asking price, which the court on objection excluded; and this is claimed to have been error upon the authority of Springer v. Chicago, 135 Ill. 553. Such a question may properly be asked of the owner, in cross-examination as to his statement of the value, because his action may be at variance with and so discredit his statement; but an agent is presumed to get the asking price from the owner and to ask it without regard to his own judgment, which might place it higher without inconsistency. The reason for the rule in the case cited, therefore, does not seem to apply. Nor if it did, would it make the ruling here very material; for the point in the testimony is that the property was worth $500 less after than before the change of grade, whatever he may have thought it worth before. We think the ruling was right.

It is claimed there was no proof that the injury, if any, was intentional on the part of defendant, as alleged in the declaration.

What it did that caused the injury, if any, was certainly done unintentionally, and there was abundant testimony tending to show that the consequential injury was natural and inevitable. Such consequences of a voluntary act are presumed to have been intended by the actor. The jury were instructed that plaintiff was bound to prove the intention as charged, and presumably found it was proved.

For the motion in arrest, it was insisted that the verdict was too irregular and defective to support the judgment, because it was not pronounced in open court by their foreman, nor signed by the jury, or by any of their number as foreman.

The record is: "And having agreed upon their verdict are returned into court, and for their verdict say: We, the jury, find for the plaintiff and assess his damages at $600.

(Signed) Wm. R. Wilson." It would have been more formal had it contained the words "the issues" after "find" and "foreman" after the signature—corrections which the trial judge would have properly directed to be made, upon objection or suggestion at the time, and it is therefore too late to complain of the omissions on appeal. State Bank v. Batty, 4 Scam. 200; Moss v. Village of Oakland, 88 Ill. 109.

We find no material error in the record. Judgment affirmed.