## William Lossman and Charles Gropp, Partners under the Firm Name of Lossman & Gropp, v. Charles Knights and Fidelia Knights.

1. INTOXICATING LIQUORS—*Right of the Father to Recover for the Sale of, to a Son.*—The fact that under the law he might be entitled to the son's wages or earnings does not, under the evidence in this case, give the father a right of recovery.

2. SAME—*Parents Living Separate and Apart.*—Where a son is living with his mother, she being divorced from the father, the right of recovery, if any, under the proofs in this case, must be in the mother alone.

3. SAME—*Joint Recovery by Husband and Wife Living Apart.*—A joint recovery by husband and wife, divorced and living apart, can not be sustained.

4. DRAM SHOP ACT—An action under the dram shop act for the recovery of damages is a civil and not a criminal prosecution.

Trespass on the Case, for damages resulting from the sale of intoxicating liquors. Trial in the Circuit Court of DeKalb County; the Hon. HENRY B. WILLIS, Judge, presiding. Verdict and judgment for plaintiffs.

Lossman v. Knights.

Appeal by defendant. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed September 26, 1898.

M. R. HARRIS and W. C. KELLUM, attorneys for appellants.

JONES & ROGERS, attorneys for appellees.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an action on the case under the dram shop law, brought by appellees against appellants, to recover damages for an alleged injury to the means of support of the former, in consequence of the intoxication of their minor son, Howard Knights, produced, as it is claimed, by sales of intoxicating liquors to him by appellants, who are dram shop keepers in the city of Sycamore.

The evidence shows that appellees were formerly husband and wife, parents of Howard Knights, and were divorced at the June term, 1894, of the DeKalb County Circuit Court, the decree, however, making no disposition as to the custody of the minor child. The young man became of age in February, 1897.

It appears from the record that the suit was originally commenced in the name of the father, Charles Knights, for the use of the mother, Fidelia Knights, and a declaration filed accordingly, to which a general demurrer was interposed and sustained. On leave granted, an amended declaration was filed, naming both appellees as plaintiffs, but no amendment was made of the praecipe and summons. A demurrer to the amended declaration having been overruled, appellants filed the general issue, and upon a trial by jury, there was a verdict in favor of appellees jointly, for $750.

Motions for a new trial and in arrest of judgment were entered and overruled and judgment was entered on the verdict. Appellants saved the proper exceptions and bring the case to this court by appeal. Various errors are assigned upon the record.

The first point argued is, that the motion in arrest of judgment should have been sustained for the reason, as claimed, that there is a misjoinder of parties, it being

insisted that only the father of Howard Knights was entitled to his earnings or was liable for his support, and that as a consequence he only could maintain this suit. We are not prepared to hold so strongly as this, under the peculiar provisions of the dram shop law. We think there might be cases where a mother, living separate and apart from the father, and being supported by a minor child living with her, might have a right of action against a dram shop keeper for injury to her means of support caused by sales of intoxicating liquor to the minor. We do not, however, feel called upon to determine that question in this case. The judgment must be reversed upon other grounds. As the record stood at the time the demurrer to the amended declaration was passed upon, we think the demurrer should have been sustained; but by pleading over, the demurrer was waived, and we are disposed to hold the declaration good after verdict.

But the proofs do not sustain the declaration. Appellees, though formerly husband and wife, had, for more than seven years before this suit was commenced, and during all the time it is claimed appellants sold intoxicating liquors to their minor son, lived separate and apart, and there is not a particle of proof the means of support of Charles Knights were ever, to the slightest degree, affected or injured by the intoxication of Howard, and no reason is perceived why he should be permitted to recover. The fact that under the law he might be entitled to the son's wages or earnings, does not, in our opinion, under the evidence in this case, give the father a right of recovery. The proofs show the son lived with the mother, and while the evidence is slight and unsatisfactory concerning his contribution to her means of support, it can not be said there was no evidence to go to the jury upon that point. The recovery, therefore, if any be had, must be by the mother alone, and under the proofs in this case a joint recovery by appellees can not be sustained. The allegations of the amended declaration are not sustained by the proofs and a new trial should have been granted.

The first instruction should not have been given. The action is not criminal in its nature, and such an instruction was calculated to mislead the jury.

The fifth instruction to some extent seems to assume that the sales of the intoxicating liquors to the minor caused him to squander his wages. This was faulty. Instructions should not assume facts which are to be found by the jury. If any damages are to be recovered, they must be for injury to the means of support, and not merely for squandering wages. While we would not reverse for this instruction alone, if the record were otherwise free from error, we think it should not have been given in its present form.

For the reasons given, the judgment will be reversed and the cause remanded for a new trial.