WILLIAM A. HOLMES, Exr.

*v.*

THE STANDARD OIL COMPANY OF INDIANA.

*Opinion filed December 18, 1899.*

1. BONDS—*when interest may be allowed in addition to penalty.* The liability of a surety on a penal bond is not extended beyond the amount specified as a penalty, by the addition to such amount of the legal interest thereon from the date the liability accrued.

2. SAME—*when bond to pay the assessments is not limited to pending assessments.* A bond made by grantors, upon selling property pending assessment proceedings to open a street, by which they agree to "pay all the assessments, liens, judgments and demands, of every kind and nature, that may at any time be levied or come against" the property by reason of opening such street, is not limited to assessments or liens arising from the assessment proceeding then pending. ·(*Hageman* v. *Holmes,* 179 Ill. 275, distinguished.)

*Standard Oil Co.* v. *Holmes,* 82 Ill. App. 476, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. GEORGE W. BROWN, Judge, presiding.

The appellee company presented in the probate court of Cook county a claim against the estate of Charlotte E. Holmes, deceased, of which the appellant, William A. Holmes, is the executor. The demand was for the recovery of moneys paid by the appellee company in discharge of a special assessment levied against certain premises belonging to the company, (formerly the property of the deceased and the appellant executor,) for the purpose of defraying the cost of opening and extending Armour avenue through lot No. 7 in school trustees' subdivision of section 6, township 38, north, range 14, east, in Cook county. The right to recover was based upon the following bond, which the deceased and said appellant executed when they conveyed said premises to the grantor of appellant, viz.:

"*Know all men by these presents,* That we, John Holmes and Charlotte E. Holmes, his wife, of the city of Chicago, in the county of Cook and State of Illinois, are held and firmly bound unto Alfred D. Eddy, of the same place, and to his executors, administrators and assigns, in the penal sum of one thousand ($1000) dollars, for the payment whereof, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents.

"Witness our hands and seals, this 31st day of July, 1891.

"The condition of the above obligation is such, that whereas the said Alfred D. Eddy is about purchasing from said obligors the north one hundred and eighty-six and three-tenths (186.3) feet of the west ninety-eight and thirty-three one-hundredths (98.33) feet of that part lying east of the railroad, of lot number seven (7) in school trustees' subdivision of section number sixteen (16), township thirty-eight (38), north, range number fourteen (14), east of the third principal meridian, in Cook county, Illinois; and whereas, the city of Chicago has commenced condemnation proceedings for the opening of a street through said lot number seven (7) in school trustees' subdivision of section number sixteen (16) aforesaid: now, therefore, if the said John Holmes and Charlotte E. Holmes, his wife, shall and do pay all of the assessments, liens, judgments and demands, of every kind and nature, that may at any time be levied or come against said premises so as aforesaid purchased or to be purchased by said Alfred D. Eddy by reason of the opening of said proposed street, and shall pay all judgments, costs, charges, damages or expenses whatsoever which may hereafter happen or come to or against said premises by the reason of the opening of the said street, then this obligation to be void, otherwise to remain in full force and effect.

"Witness our hands and seals.

|                        |                            |         |
|------------------------|----------------------------|---------|
|                        | JOHN HOLMES,               | [Seal.] |
| Witness: E. GOLDSTEIN. | CHARLOTTE E. HOLMES.       | [Seal.]"|

The claim was disallowed in the probate court and came into the circuit court of Cook county on appeal. It was there submitted to the court on the written stipulation of the parties that the obligors were joint owners of the fee of the premises referred to in the bond; that the obligee of the bond purchased the premises as the agent of the appellee company and afterwards conveyed the premises and endorsed and assigned the bond to it;

that the ordinance under which the condemnation pro-
ceeding referred to in the bond as pending was instituted
was repealed by the city council of the city of Chicago
and that proceeding dismissed; that another ordinance
was adopted by the city council providing for the open-
ing and extending of Armour avenue from and between
the same points as provided in the former ordinance;
that an assessment of $3700 was confirmed under the last
ordinance as for benefits accruing to the premises men-
tioned in the bond; that the obligors in the bond had due
notice of the confirmation of such assessment but failed
to pay the same; that said assessment became a legal
lien against the premises, and the appellee company, on
the 22d day of November, 1895, made payment thereof in
order to avoid a sale of its property therefor, and that
neither of the obligors has reimbursed the appellee com-
pany for the amount so paid.

The Appellate Court, on a further appeal prosecuted
by the appellee company, entered judgment reversing the
judgment of the circuit court and remanding the cause,
with directions to enter judgment in favor of the appellee
company in the amount of the penalty of the bond, and
interest thereon at the rate of five per cent per annum
from the 22d day of November, 1895,—the day on which
the appellee made payment of the said special assess-
ment.    From such judgment of the Appellate Court the
executor has perfected this appeal to this court.

E. W. ADKINSON, for appellant.

ALFRED D. EDDY, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Whether the appellee company had failed to comply
with the requirements of the act relating to foreign corpo-
rations, approved May 26, 1897, (Hurd's Stat. 1897, chap.
32, pars. 67, *b, c, d, e,*) and for that reason was without
standing to maintain an action in the courts of this State,

was not raised at the hearing. It does not appear any ruling was sought or obtained in the trial court as to the question. There is therefore nothing upon which to base an assignment of error in that regard in a court of review.

In *Hageman* v. *Holmes*, 179 Ill. 275, we construed a bond given by the same obligors to a purchaser of other premises similarly affected by the opening and extension of the same avenue, to create liability on the part of the obligors to pay only such assessments as should be levied and confirmed in the special assessment proceeding which was pending when the bond was executed, and that as that proceeding was abandoned and no assessment made in the course thereof, no recovery could be had on the bond. It is urged the bond on which the present claim is based should have the like construction. The conditions of the two bonds are essentially different. That of the bond here under consideration is to pay "all the assessments, liens, judgments and demands, of every kind and nature, that may at any time be levied or come against said premises so as aforesaid purchased by said Alfred D. Eddy, by reason of the opening of said proposed street." The liability of the obligors is plainly and clearly expressed. It is not restricted to such assessments as should be levied under the proceeding which was then pending, but is expressly extended to any assessment which might at any time be levied against the premises to defray the cost of opening the avenue. There is no reason the obligation should not be given effect according to the clear and unambiguous meaning of the words the parties chose to employ in framing it. We need not repeat the language of the condition of the bond in the case of *Hageman* v. *Holmes*, *supra*. It contained no express undertaking to pay any assessment other than that to be levied in the proceeding to open and extend the avenue, which was then pending.

Conceding, without deciding, the appellant's testatrix should be regarded as a surety, the general rule the liability of a surety on a penal bond cannot be extended

beyond the amount specified as the penalty of the bond was not infringed in this instance by the rendition of judgment in an amount, by way of interest, in excess of the penalty of the bond. The bond was executed by appellant's intestate and her husband as joint principals. It created liability on the part of the makers thereof, and each of them, to pay the assessments levied on the premises belonging to the appellee company. Though having notice thereof they failed to make such payment, and the assessment ripened into a lien on the premises. The appellee company, in order to avoid the sale of its property, paid the assessment, as it was fully authorized to do. The amount so paid largely exceeded the penalty of the bond. The Appellate Court restricted her liability to the sum named as the penalty of the bond. The liability to pay that amount accrued against her on the 22d day of November, 1895,—the date of the payment by the appellee company of the amount of the assessment. Section 2 of chapter 74, entitled "Interest," (Hurd's Stat. 1897, p. 973,) provides that creditors shall be allowed to receive interest at the rate of five per centum per annum for all moneys after they become due, on any bond, etc. The Appellate Court, in recognition of the general rule as to the extent of the liability on a penal bond, held the appellee company could not recover the full amount it had paid to remove the lien of the assessment, for the reason the amount paid exceeded the penalty of the bond. The rule cannot be further invoked to relieve against the payment of interest awarded by the statute as compensation for delay in making payment of the amount so reduced under the operation of the rule. (1 Brandt on Suretyship and Guaranty, secs. 112, 113.)

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*