## William Lossman and Charles Gropp, Copartners as Lossman & Gropp, v. Fidelia Knights.

1. PRACTICE—*Proofs Required Where a Demurrer to the Declaration is Overruled and the Defendant Defaulted.*—Where demurrer to a declaration is overruled, and defendant abides by his demurrer and is defaulted, and a jury is impaneled to assess the damages, the demurrer and default admit the facts pleaded, and it is not necessary to prove each averment of the declaration.

2. PLEADING—*Sufficiency of a Declaration for the Sale of Intoxicating Liquor to a Minor Son.*—A declaration which alleges that the earnings of plaintiff's minor son belonged to her, that defendants produced his intoxication by sales of liquor to him, that in consequence of the intoxication so produced the son squandered the earnings so belonging to plaintiff, and his capacity to earn wages was lessened by such intoxication, and he was thereby rendered unable to and did not obtain steady employment, and that plaintiff was a poor person, and that by the facts averred she was injured in her means of support, states a cause of action.

**Trespass on the Case,** for damages resulting from the sale of intoxicating liquors. Appeal from the Circuit Court of DeKalb County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed June 8, 1900.

M. R. HARRIS and W. C. KELLUM, attorneys for appellants.

Section 9 of the dram-shop act provides that every parent who shall be injured in person or property, or means of support, in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action.

The action at bar is for damages to means of support.

The phrase "means of support," in its general sense, includes all resources of every kind. Vol. 6, Am. & Eng. Ency. of Law (2d Ed.), p. 52.

In its general sense it embraces all those resources from which the necessary comforts of life are or may be supplied, such as lands, goods, salaries, wages and other forms of income. Schneider v. Hosier, 21 Ohio St. 112; Keedy v. Howe, 72 Ill. 133.

It relates to whatever the son might have earned or made by his labor and attention to business and contributed to the support of his parent. Wightman v. Devere, 33 Wis. 578.

Money lost in gambling by a husband while intoxicated can not be recovered by the wife. Gintz v. Bradley, 53 Ill. App. 575.

Where a person becomes intoxicated and in consequence of such intoxication is robbed of a sum of money, an action will not lie to recover such money under a statute giving

Lossman v. Knights.

an action for all damages that may be occasioned by reason of liquor sold.    Gage v. Harvey, 43 L. R. A. 143.

JONES & ROGERS, attorneys for appellee.

It is a natural and probable consequence of letting a drunkard have liquor, that he shall become intoxicated, and by reason thereof suffer mental or physical impairment, waste his means, and do violent, absurd and silly acts, for experience proves these results in general, in greater or less degree follow.    Shugart v. Egan, 83 Ill. 59.

Means of support embraces lands, goods, salaries, wages or other sources of income.    Meidel v. Anthis, 71 Ill. 242; Duroy v. Blain, 11 Ohio St. 331; Herring v. Erwin, 48 Ill. App. 369; Horn v. Smith, 77 Ill. 381.

A person who regularly sells liquor to one who is in the habit of getting intoxicated, and whom he knows to be an habitual drunkard, is guilty of a willful, deliberate violation of the statute.    Wolf v. Johnson, 45 Ill. App. 122; 152 Ill. 280; Kennedy Bros. et al. v. Sullivan, 136 Ill. 95; McMahon et al. v. Sankey, 133 Ill. 637; Seigle v. Rush, 72 Ill. App. 485.

MR. JUSTICE DIBELL delivered the opinion of the court.

This suit was before us in Lossman v. Knights, 77 Ill. App. 670, where the facts are stated. After its reversal the declaration was so amended as to leave Fidelia Knights the sole plaintiff. It is an action against Lossman & Gropp, keepers of a dram-shop, to recover for injury to plaintiff's means of support, in consequence of the intoxication of her minor son, Howard Knights, produced by said defendants. Demurrer was sustained to several amended declarations. Thereafter an additional count was filed, to which a demurrer was overruled. Defendants elected to abide by said demurrer. They were defaulted for want of a plea to said additional count. A jury was impaneled which heard proofs. and assessed plaintiff's damages at $625. Defendants cross-examined plaintiff's witnesses, made objections and took exceptions to rulings upon the evidence and to the giving of plaintiff's one instruction. Defendants

did not move for a new trial or for a re-assessment of the
damages, but entered a motion in arrest of judgment, which
was overruled.   Plaintiff had judgment on the verdict, and
defendants appeal.

1.   The demurrer and the default each admitted the facts
stated in the additional count.   The office of the jury was
to assess the damages.   It was not necessary plaintiff
should prove each averment of the additional count.   (Bing
v. Tyler, 79 Ill. 248; Mass. Mut. Life Ins. Co. v. Kellogg,
82 Ill. 614.)   It is claimed the damages are excessive.   The
question is not before us for want of a motion for a new
trial, nor are we prepared to say that under the evidence
the award was greater than mere compensation.   But the
additional count averred and the proof showed that plaint-
iff notified a member of the defendant firm that her son was
a minor and not to sell him liquor any more, and thereafter
defendants not only sold him liquor repeatedly and caused
his intoxication, but also said defendant met the boy in the
street, and told him that notwithstanding the notice from
the mother they would sell him liquor if he came to their
place sober.   This was calculated to entice the boy to their
saloon, and showed the intoxication thereafter produced by
them was willful, and warranted exemplary damages.

2.   The objections to the rulings upon the evidence are
not before us for want of a motion for a new trial, and they
are not argued, and are therefore waived.   The only objec-
tion argued against the instruction is, that it assumes cer-
tain facts not proved.   The facts so supposed to be assumed
were averred in the additional count and admitted by the
demurrer; but the criticism is unfounded.   The instruc-
tion did not assume the facts, but left them to the decision
of the jury.

3.   The suit was begun February 10, 1896.   The addi-
tional count was filed June 15, 1899.   It is argued the five
years' statute of limitations had run against certain aver-
ments of the additional count.   The statute of limitations
was not set up by plea.   The dates of sales of liquor by
defendants to plaintiff's minor son, and of his intoxication

therefrom, and consequent squandering of his earnings and loss of employment, etc., were stated in the additional count under a videlicet, and plaintiff was not bound to prove them as laid; nor were all said dates five years prior to the filing of said additional count. Therefore, on demurrer, the additional count was not bad by reason of the statute of limitations.

4. The additional count, after showing that plaintiff's husband had abandoned his wife and son prior to the grievances complained of, stated that Howard was plaintiff's minor son, and was in the actual custody and control of plaintiff, and contributed toward plaintiff's support and maintenance, and did earn and was well able to earn money to support himself and contribute to the support of plaintiff $25 per month, and that said earnings belonged to plaintiff, and that Howard would have paid her such earnings toward her means of support, but for the acts of defendants complained of; that defendants were dram-shop keepers at Sycamore, and at divers times at their dram-shop and rooms adjoining sold and gave Howard intoxicating liquors, after being forbidden so to do by plaintiff; that in consequence thereof Howard became intoxicated and dissipated and formed habits of intoxication and squandered his earnings; and by reason of such intoxication caused by defendants, contributed but a small portion of his earnings toward the support of plaintiff; that defendants by such selling and giving of intoxicating liquors to Howard, caused him to contract the habit of drinking intoxicating liquors and to become intoxicated and dissipated, and thereby caused him to squander his earnings, and on account thereof he contributed only a small portion of his earnings toward the support of plaintiff, by means whereof plaintiff was injured in her means of support. , It further averred that by reason and in consequence of Howard's intoxication so produced, his capacity and ability to labor and earn money for the support of plaintiff was greatly lessened, and he was unable to and did not obtain steady employment, and in consequence thereof plaintiff was injured in her means of support, and that she was a poor person, etc. The averments were

much fuller than we have stated.  The statute, so far as applicable to this case, is as follows:

"Every * * * parent * * * who shall be injured in * * * means of support * * * in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally and jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication in whole or in part, of such person or persons."

The count stated, and the demurrer admitted, that Howard's earnings belonged to plaintiff; that defendants produced Howard's intoxication by sales of liquor to him; that in consequence of the intoxication so produced, Howard squandered these earnings belonging to plaintiff; that in consequence of such intoxication his capacity to earn wages was also lessened and he was thereby rendered unable to and did not obtain steady employment, and that plaintiff was thereby injured in her means of support.  The argument here made that plaintiff was not entitled to her son's wages and that their loss did not injure her means of support, can not prevail against the admissions of the demurrer.  We are of opinion that the additional count states a cause of action for injury to plaintiff's means of support in consequence of the intoxication of her minor son, caused by liquor sold him by defendants.  The judgment is therefore affirmed.