## Sandoval Zink Company v. Henry Hale.

1. VERDICT—*when formal objections to, come too late.* Formal objections to a verdict cannot be first made on appeal.

2. VERDICT—*when form of, upon assessment of damages after default, not fatally defective.* A verdict in form as follows: "We, the jury, find that the plaintiff has sustained damages and we fix the amount of the plaintiff's damages at," etc., is not fatally defective where rendered upon an assessment of damages after default.

3. CORPORATION—*when court need not investigate return of service of summons upon.* It is not incumbent upon the court, where the return of the sheriff is *prima facie* sufficient, to investigate the truth of the return and determine the relation to the corporation of the officer alleged to have been served.

Action in case for personal injuries. Error to the Circuit Court of Marion County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

JUNE C. SMITH, for appellant.

F. F. NOLEMAN and W. F. BUNDY, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Defendant in error, Henry Hale, brought suit against the Sandoval Zink Company, the plaintiff in error, for personal injuries, the damages, which were laid at $10,000, being claimed to have been received by him while at work in the Zink works of the company at Sandoval, Illinois. The summons ,which was issued against the company bore the following return of service:

"State of Illinois, ⎱ ss.
    Marion County, ⎰

"I have duly served the within summons upon the within named Sandoval Zink Company, by reading the same to Charles W. Granberg, superintendent of the said Sandoval Zink Company, and at the same time delivering to him a

true copy thereof, the president or secretary of said company not found in my county, this the 26th day of December, 1905.    J. L. Smith, Sheriff."

The company failed to plead or demur to plaintiff's declaration and on January 11, 1906, which was the fourth day of the term, default was entered against it and a jury called to assess the damages, which returned a verdict in favor of Hale for $2,500, for which amount the court entered judgment.    Afterwards, on January 18, 1906, the company appeared in court by its attorneys and entered a motion to set aside the default and vacate the judgment against it and this motion was afterwards, on January 29, overruled.    The defendant company excepted to the ruling of the court and prayed an appeal to this court, which was allowed upon its giving bond in the sum of $3,000 in thirty days, and presenting bill of exceptions in sixty days.    The appeal bond was duly filed on February 23, 1906, but no bill of exceptions was ever filed.    The defendant company did not prosecute its appeal, but has brought the case here to review the judgment by writ of error.

Plaintiff in error assigns a number of reasons for reversal which it presents to the court, under the form of three questions:    First, is the return of the sheriff on the summons sufficient evidence of legal service on a corporation, to support a judgment by default?    Second, does the verdict respond to the issues made by the pleading and is it sufficient to support the judgment?    Third, is the recital in the judgment sufficient evidence of legal service or should that question be shown by the record to have been judicially ascertained?

Under the first question presented it is insisted by plaintiff in error, that the return of the sheriff alone, purporting to show service upon the proper officer of a corporation, is not sufficient in itself to confer jurisdiction, but that the relation of the person served to the corporation, must in fact be judicially ascertained, or the truth of the return admitted by the appearance of the defendant.    It is sufficient

answer to the first question and the position taken by plaintiff in error in relation to it, to say that in the case of the Chicago Sectional Electric Underground Co. v. The Congdon Brake Shoe Mfg. Co., 111 Ill., 309, where a plea in abatement was filed to test the sufficiency of the service, a return of service upon a corporation in practically the same language as the return in question, was held to comply with the requirement of the statute and to be *prima facie* sufcient.

The form of the verdict upon which plaintiff in error bases its second objection, as it appears in the judgment entered by the court, was as follows: "We the jury find that the plaintiff has sustained damages and we fix the amount of the plaintiff's damages at twenty-five hundred dollars ($2,500)."

When plaintiff in error suffered a default it admitted every material allegation in the plaintiff's declaration and left nothing but the assignment of damages open to be determined. When the court came to assess the damages, the only issue it could then try was the amount of damages in the case and no other issue was presented to the jury for its determination. Cook v. Skelton, 20 Ill., 107; Lossman v. Knights, 89 Ill. App., 437.

While the verdict might have been made more complete in form, yet it substantially complied with the requirements of the case. Even if the verdict had been formally defective, which is the most that could be claimed in this case, defendant is in no position to take advantage of it here, as he made no motion in arrest of judgment in the court below and preserved no exceptions whatever. Formal objections to a verdict cannot be taken for the first time in the Appellate Court. State Bank of Illinois v. Batty, 5 Ill., 200; City of Danville v. Mabin, 57 Ill. App., 23.

What we have above said in regard to the sufficiency of the return of the sheriff, practically disposes of the third question raised by plaintiff in error. The judgment contains the recital "and it appearing to the court that due and personal service of process of summons issued herein to the

Coal & Coke Co. v. Stroeter.

sheriff of Marion county, Illinois, has been had on the defendant, the Sandoval Zink Company, for at least ten days prior to the first day of this term of court"; and this was followed by the usual order of default.

Section 5 of the Practice Act (Hurd's Stat. 1905) provides that, "An incorporated company may be served with process by leaving a copy thereof with its president if he can be found in the county in which the suit is brought, if he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent or any agent of said company, found in the county." The return of the sheriff which is part of the record, shows that due service was made by leaving a copy of the process with one of the officers named in the statute, and the form of return adopted by the sheriff has been approved by the Supreme Court of this State as above mentioned. It was unnecessary for the court therefore to make any further investigation of the matter of service or relation of the party served to the company upon default than that which could be obtained by reference to the return of the sheriff, which was *prima facie* sufficient.

The judgment of the court below will accordingly be affirmed.

*Affirmed.*