The People of the State of Illinois, for use of Edwin J. Zimmer, Appellee, v. Pacific Surety Company, Appellant.

### Gen. No. 15,124.

INTEREST—*when allowance appropriate in action upon surety bond.* If an administrator has been found indebted to an estate and has been ordered to turn over the amount of his indebtedness and fails so to do, in an action against the surety upon the bond of such administrator interest should be allowed from the time of his default.

The People v. Pacific Surety Co., 155 Ill. App. 586.

Action in debt. Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed May 19, 1910.

STUART G. SHEPARD and ROBERT R. McCORMICK, for appellant.

CHARLES C. SPENCER, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a judgment in debt against the defendant sued as surety on the bond of an administrator.

Edwin J. Zimmer was appointed administrator *de bonis non* of the estate of Catherine Halton, deceased. Originally Patrick Halton, husband of Catherine Halton, had been appointed administrator of the estate, which it is said consisted of a claim against the Chicago City Railway Company for wrongfully causing her death. This claim was settled by Patrick Halton as administrator and he received June 5, 1903, the sum of $2,510 from the Railway Company in payment of a judgment against said Company in his favor obtained in an action to recover for negligently causing Catherine Halton's death. Patrick Halton appears to have converted the money to his own use. He left the country soon afterward, going it is said abroad, where he remained until his death. He was removed as administrator and Zimmer was appointed to succeed him March 25, 1903. Upon June 27, 1902, the Probate Court of Cook county entered an order finding the sum of $2,510 to be due from said Halton as administrator of the estate and directing him to pay that sum into court on Monday, June 30, 1902. This he failed to do and the present action was afterwards begun in the Superior Court against the defendant, Pacific Surety Company, as surety on Patrick Halton's bond as administrator. Judgment was entered against defendant for $10,000 debt and $3,166 damages. The amount of

damages thus awarded was made up of the principal sum of $2,500 with an allowance of $656 interest. It is contended the allowance of interest is erroneous. This is the only point urged in defendant's behalf.

We find no error in the allowance of the interest. The liability of Halton as administrator and of defendant as surety on his bond in case of Halton's refusal or neglect to pay over the money was fixed by the order of the Probate Court entered June 27, 1902, at the sum of $2,510, and he was directed to file his account and pay over that sum upon the following Monday, June 30, 1902. No appeal was taken nor writ of error sued out from that order, and it was and remained in full force and effect from and after the last mentioned date. The statute (R. S. chap. 74, sec. 2) provides for an allowance of interest among other things on all moneys after they became due on any bond, bill, promissory note or other instrument in writing, on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance and on money withheld by an unreasonable and vexatious delay of payment. Upon June 30, 1902, the amount then found by the court to be owing from defendant's principal on the bond became due from Halton as administrator, and no reason appears or has been called to our attention why under the statute interest should not be allowed on it from and after the appointment of Zimmer as administrator, March 25, 1903. Moreover, we are of opinion that withholding payment of money "due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance" also covers the present case under the statutes. There was a settlement of the debtor's account with the estate by the Probate Court, and what is said in Fitzgerald v. Benner, 219 Ill. 485-492, cited by defendant's counsel, is we think applicable: "It is undoubtedly true that in order to justify interest the claim must be liquidated and it must be shown that the parties figured upon a definite

amount as being due and that payment has been vexatiously and unreasonably withheld.'' It is argued that the amount was never liquidated ''because Zimmer at all times held to the theory that Halton and his surety were liable for an unliquidated amount approximating $5,000,'' on the theory that Halton if sufficiently diligent might have collected $5,000 instead of $2,500. No evidence was introduced nor effort made to sustain such a claim, and the defendant has never offered to pay anything. In this case no demand was necessary. Nevitt v. Woodburn, 160 Ill. 203-214. In Holmes v. Standard Oil Co., 183 Ill. 70-74, interest was allowed on money recovered on a penal bond, and in Salomon v. The People, 191 Ill. 290-295, interest was also allowed.

Finding no error the judgment of the Superior Court is affirmed.

*Affirmed.*